# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| Bronwyn Randel, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action File No.: |
| v. | § | |
| | § | 2:20-cv-00268-RWS |
| Rabun County School District, | § | |
| | § | |
| Defendant. | § | |

## Plaintiff's First Amended Complaint

Comes Now Plaintiff, and files this First Amended Complaint for injunctive relief and money damages under 42 U.S.C. §1983 based on Defendant's violation of Plaintiff's due process rights, showing the Court as follows:

## Parties, Jurisdiction and Venue

1.      The Court has subject matter jurisdiction of Plaintiffs' claims under 28 U.S.C §§ 1331, 1343, and 2202.

2.      Venue is proper pursuant to 28 U.S.C. §1391 and Local Rule 3.1 because the unlawful practices and the violations of Plaintiff's rights alleged below were committed in this judicial district and division.

3.      Plaintiff is a resident of the State of Georgia.

1

4.     Defendant Rabun County School District is an entity of the State of Georgia and the political subdivision Rabun County, established under the laws of that State.

## Operative Facts

5.     Dr. Randel has a Bachelor of Arts in English from Stetson University, a Master's degree in Secondary Language Arts, an Ed.S. degree, and an Ed.D. in degree.

6.     Dr. Bronwyn Randel (hereinafter "Dr. Randel" or "Plaintiff") was employed by the Defendant as a teacher from 2000 until the Rabun County Board of Education (hereinafter "RCBOE") voted to nonrenew her contract on November 13, 2018 and officially notified her of such by letter dated November 15, 2018.

7.     During her tenure with Defendant, in addition to teaching various language arts and literature classes in middle school and high school, Dr. Randel contributed to her school district by writing the narrative portion of applications that resulted in the school district receiving "The Advanced Ed School System Accreditation" and the "Georgia Lighthouse School to Watch."

8.     While teaching British Literature, Dr. Randel was transferred to the Wildcat Virtual Academy during the 2016-2017 school year because her principal, Jonathan Gibson, indicated that he thought that she would be a good fit for the position.

9.      Five types of students attended The Virtual Academy: students in the Crossroads Program (alternative school), students in credit recovery (taking courses they previously failed), students taking government for initial credit (Mr. Howell's students), students taking courses that were not offered by the school district, and students taking college classes.

10.     Dr. Randel received a proficient summative assessment for the 2016-2017 school year.

11.     A new administrator, Mr. Will Howell, became Dr. Randel's supervisor in the 2017-2018 school year.

12.     Shortly thereafter, administrators became overly (and unfairly) critical of Dr. Randel.

13.     After Mr. Howell began criticizing her, Defendant's other employees joined in attacking her work performance.

14.     As a result of the actions being taken against her, Dr. Randel filed a charge of discrimination with the EEOC on or about April 19, 2018.

15.     During second semester of the 2017-2018 school year, all of Dr. Randel's students were credit recovery students but for a few alternative school students who were in her classroom because they could not be in the classroom with some of the other alternative school students.

16.     The Superintendent recommended Dr. Randel for non-renewal on May 14, 2018.

17.     Following the nonrenewal recommendation, Dr. Randel filed a supplemental charge of discrimination.

18.     RCBOE is Defendant's governing body.

19.     RCBOE conducted the hearing.

20.     Prior to the hearing, Plaintiff moved to dismiss the notice of nonrenewal because of lack of due process in the notice provided.

21.     O.C.G.A. §20-2-940(b)(2) requires that the local school district advise an educator of the evidence to be used against her, and Dr. Randel asserted that the Superintendent failed to provide such notice.

22.     The Superintendent failed to provide Dr. Randel with sufficient notice concerning the allegations against her, including, but not limited to, the alleged dates of events and the person(s) who allegedly had firsthand knowledge of the events, and the documentary evidence to be introduced by the Superintendent.

23.     The Superintendent's original June 13, 2018 charge letter attached six documents and identified twenty-one students who she might call as witnesses (with no individualized explanation as to their testimony).

24.    Thereafter, the district produced hundreds of documents in response to Open Records Act requests and subpoenas.

25.    Also, a subsequent and supplemental charge letter made some changes to the witness identifications and added some information (although insufficient) for some students.

26.    On October 18, 2018, the Superintendent's attorney indicated that he had "not yet determined the documents that may potentially be presented at Dr. Randel's nonrenewal hearing, and therefore cannot provide all conceivable records in response to that portion of your request.  I am enclosing some additional documents that may be introduced at the hearing that have not been forwarded to you previously in either the charge letter or in response to your Open Records Act request."  Said letter attached an additional sixty-five (65) documents.

27.    By way of email on October 22, 2018, the Superintendent deleted multiple students from the list and identified seven students as potential witnesses.  With regard to these student witnesses and to three employee witnesses, the information provided concerning their testimony was insufficient and did not include information about their testimony known to Appellant.

28.    The notice(s) did not include notice of the documents upon which the Superintendent intended to rely, but instead contended that the Superintendent might

use any of the documents produced in conjunction with its notices or in response to Plaintiff's Open Records Act requests or subpoenas, which totaled over 500 documents.

29.    The failure to comply with O.C.G.A. §20-2-940(b)(2) prevented Dr. Randel from preparing a full defense to the allegations against her.

30.    The Parties argued the motion to dismiss at the beginning of the hearing, and the motion was denied.

31.    Prior to the hearing, pursuant to O.C.G.A. §20-2-940, Plaintiff moved that RCBOE appoint a tribunal to conduct the hearing because Plaintiff had a charge of discrimination before the Equal Employment Opportunity Commission ("EEOC") pending against RCBOE at the time of the hearing.

32.    The EEOC charge was sent directly to the RCBOE.

33.    Plaintiff asserted that due process required the RCBOE appoint a tribunal because RCBOE could not be an impartial arbiter of the hearing when it was engaged in litigation with Plaintiff and when RCBOE's attorney in that litigation was the same attorney representing the Superintendent in the nonrenewal hearing.

34.    At the hearing, the parties argued Dr. Randel's motion for appointment of a tribunal, and Dr. Randel's motion was denied.

35.   In a non-renewal hearing, the teacher recommended for non-renewal has a statutory and regulatory right to subpoena witnesses and documents for the non-renewal hearing. *O.C.G.A.* §§20-2-940(d), 20-2-942, 20-2-1160 and SBOE Rule 160-1-3-.04.

36.   Prior to the hearing, Plaintiff served subpoenas for personnel files and evaluation forms of educator witnesses and student files of student witnesses, and Defendant moved to quash said subpoenas.

37.   The documents subpoenaed by Plaintiff were relevant to Plaintiff's defense for a variety of reason, including, but not limited to: the student records should have shown the classes the students were actually taking in the Virtual Academy, which, given the lack of reliable rosters in the Virtual Academy as it related to which teacher was assisting which students, knowledge of the classes being taken by the students and the dates the students were in the virtual academy would have assisted Dr. Randel in preparing a defense, 2) each student that the district called as a witness was a student in the Virtual Academy because he or she needed credit recovery (because of a failed class) or he or she was removed from his or her normal classroom because of behavioral issues, and Dr. Randel was entitled to review the student files for documents reflecting on credibility, motives for testifying against Dr. Randel, and impeachment material, and 3) the personnel files and evaluation

files of the administrators making allegations against Dr. Randel may show personal biases, write-ups, evaluations, etc. that provide motive for testifying against Dr. Randel.

38.     At the hearing, the parties argued Defendant's motion to quash, and Defendant's motion was granted.

39.     During the hearing, Plaintiff moved to continue the hearing to hear from two of Plaintiff's subpoenaed witnesses who, unbeknownst to Plaintiff, left during the course of the hearing because of legitimate reasons.

40.     The hearing began and 9:00 a.m. and concluded at 7:07 p.m.

41.     Dr. Randel's counsel learned just before 5:25 p.m. that the witnesses departed.

42.     While RCBOE had the luxury of presenting its witnesses during the morning and early to mid-afternoon, Dr. Randel was relegated to presenting her case beginning at 3:40 p.m. without the option to continue it to present her entire case.

43.     The witnesses were Dr. Randel's former colleague who could testify to Dr. Randel's teaching abilities and competence and Dr. Randel's former student who could testify to what she witnessed in Dr. Randel's classroom during the year in question in this matter and the positive affect Dr. Randel had on her life.

44.    Dr. Randel requested that the hearing be continued to a second day so as to present the testimony of the witnesses and offered to do so by video so that the RCBOE would not have to reconvene.

45.    Plaintiff's motion to continue the hearing to hear from these two witnesses was denied.

46.    During the hearing, Plaintiff objected to admission of certain evidence without which a nonrenewal could not be sustained.   The inadmissible evidence was admitted.

47.    Because of the foregoing due process violations, pursuant to O.C.G.A. §§20-2-940, 20-2-942, and 20-2-1160, Dr. Randel appealed the nonrenewal to the State Board of Education.

48.    The State Board of Education affirmed the nonrenewal.

49.    Because of the foregoing due process violations, pursuant to O.C.G.A. §§20-2-940, 20-2-942, and 20-2-1160, Dr. Randel appealed the nonrenewal to the Superior Court of Rabun County.

50.    In *Randel v. Rabun County Board of Education,* Civil Action File No. 2019-CV-0173-C, Judge B. Chan Caudell of the Superior Court of Rabun County held that "the RCOBE violated Dr. Randel's due process rights when it failed to appoint an impartial tribunal to conduct her non-renewal hearing."  (Exhibit "A" hereto, pp.

7-8). Having so concluded, Judge Caudell did not address the remaining due process violations.

51.    Rabun County Superior Court was a court of competent jurisdiction to hear *Randel v. Rabun County Board of Education,* Civil Action File No. 2019-CV-0173-C.

52.    Judge Caudell's determination is a final judgment.

53.    This case and the Rabun County Superior Court case involve the same parties or their privies.

54.    This case and the Rabun County Superior Court case involve the same causes of action and issue at stake.

55.    The issue at stake was actually litigated in the Rabun County Superior Court case.

56.    The determination of the issue at stake in the Rabun County Superior Court case was a critical and necessary part of the judgment.

57.    Defendant had a full and fair opportunity to litigate the issue at stake in the Rabun County Superior Court case.

58.    *Res judicata* prevents Defendant from re-arguing the issue of whether it violated Plaintiff's due process rights.

59.    Collateral estoppel forecloses relitigation of whether Defendant violated Plaintiff's due process rights.

60.    The only remaining issue is damages.

61.    Dr. Randel suffered lost income as a result of her nonrenewal.

62.    Dr. Randel suffered mental and emotional distress resulting from the deprivation of due process.

63.    Dr. Randel suffered impairment of reputation and personal humiliation from the deprivation of due process.

64.    A policy or custom of Defendant caused Plaintiff's non-renewal.

65.    The due process violations alleged herein were made by Defendant's final policymaker.

66.    Defendant's appeal to the Georgia Court of Appeals was docketed on December 11, 2020.

67.    Defendant's filed the "Brief of Appellant" attached hereto as Exhibit "B" on January 20, 2021.

## COUNT ONE – FOURTEENTH AMENDMENT
## PURSUANT TO 42 U.S.C. §1983

68.    Plaintiff restates and incorporates by reference all allegations of paragraphs one (1) through sixty-seven (67) above.

69.     Defendant violated Plaintiff's due process rights under the Fourteenth Amendment to the United States Constitution, which rights may be enforced pursuant to 42 U.S.C. §1983.

70.     As a direct and proximate result of Defendant's violation of 42 U.S.C. §1983, Plaintiff suffered damages consisting of, but not limited to, lost wages and other benefits of employment, emotional distress, mental anguish, humiliation, and pain and suffering.

71.     Defendant is estopped by the final judgment in the Superior Court to deny that it violated Plaintiff's right to due process.

## COUNT TWO – DUE PROCESS PURSUANT TO ARTICLE I, SECTION 1, PARAGRAPH I OF THE GEORGIA CONSTITUTION

72.     Plaintiff restates and incorporates by reference all allegations of paragraphs one (1) through sixty-seven (67) above.

73.     Defendant violated Plaintiff's due process rights under Article I, Section 1, Paragraph I of the Georgia Constitution, which rights may be enforced pursuant to O.C.G.A. Section 51-1-6 and 51-1-8.

74.     As a direct and proximate result of Defendant's violation of the Georgia Constitution, Plaintiff class suffered damages consisting of, but not limited to, lost

wages and other benefits of employment, emotional distress, mental anguish, humiliation, and pain and suffering.

75.    Defendant is estopped by the final judgment in the Superior Court to deny that it violated Plaintiff's right to due process.

Wherefore, Plaintiff respectfully requests and prays:

(a)    That process issue against Defendant as provided by law;

(b)    That the Court issue a Declaratory Judgment and injunctive relief under Counts One and Two that the acts, policies, practices, and procedures of the Defendant complained of herein violated Plaintiff's rights to due process of law under the United States and Georgia Constitutions, respectively, reinstate Plaintiff, restore Plaintiff's pension benefits, and enjoin Defendant from further acts, practices and policies that violate said law; and that this Court retain jurisdiction over this action until Defendant has fully complied with the Orders of this Court and that the Court require Defendant to file such reports as may be necessary for the court to supervise compliance;

(c)    That, under Counts One and Two, judgment be awarded Plaintiff against Defendant for compensatory damages in an amount reasonable and commensurate with the economic losses that she suffered as a result of Defendant's legal violation and the pain and emotional distress, humiliation, and loss of reputation imposed

upon her by Defendant's intentionally discriminatory acts, and all other sums and relief to which Plaintiff is entitled under 42 U.S.C. §1983, including, but not limited to attorneys' fees, costs, and disbursements;

(d)     That Plaintiff have trial by jury of the claims set forth herein; and

(e)     That Plaintiff have such other relief as they are allowed by any and all applicable laws applicable hereto, and as the Court deems proper and just.

This the 25th day of February, 2021.


*s/Kristine Orr Brown*
KRISTINE ORR BROWN
State Bar Number 554630
Orr, Brown & Billips LLP
P.O. Box 2944
Gainesville, Georgia 30503
770.534.1908 t
770.536.5910 f
kbrown@orrbrownandbillips.com

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| **BRONWYN RANDEL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION FILE NO.:** |
| **v.** | § | **2:20-cv-00268-RWS** |
| | § | |
| **RABUN COUNTY SCHOOL** | § | |
| **DISTRICT,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I am counsel for Plaintiff in the above styled matter and that I have filed and served the above and foregoing Plaintiff's First Amended Complaint upon the parties herein by using the CM/ECF system which will automatically send email notifications of such filing to the following attorney of record:

> Brian C. Smith
> Harben, Hartley & Hawkins, LLP
> 340 Jesse Jewell Parkway
> Suite 750
> Gainesville, Georgia 30501

This 25th day of February, 2021.

> */s/Kristine Orr Brown*
> Kristine Orr Brown

Georgia Bar No. 554630
Attorney for Plaintiff

ORR, BROWN & BILLIPS, LLP
P.O. Box 2944
Gainesville, GA 30503
(P) (770) 534-1980
(F) (770) 536-5910
kbrown@orrbrownandbillips.com