🖶 **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
RABUN COUNTY, GEORGIA
**2019-CV-0173**
**B. CHAN CAUDELL**
**SEP 21, 2020 03:43 PM**

*Holly E. Henry-Perry, Clerk*
*Rabun County, Georgia*

# IN THE SUPERIOR COURT OF RABUN COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| DR. BRONWYN RANDEL | ) | |
| | ) | |
| Appellant, | ) | Civil Action File No.: |
| | ) | 2019-CV-0173-C |
| v. | ) | |
| | ) | |
| RABUN COUNTY BOARD | ) | |
| OF EDUCATION, | ) | |
| | ) | |
| Appellee. | ) | |

### ORDER

### A. Relevant Procedural History

Dr. Bronwyn Randel was employed by the Rabun County Board of Education as a teacher from 2000 until the non-renewal at issue in this case. (T228: 1-4). Dr. Randel requested a hearing pursuant to O.C.G.A. §20-2-940 following the Rabun County School District Superintendent's notice that she was recommending Dr. Randel's contract with the school district be non-renewed. Prior to the hearing, Dr. Randel filed a charge of discrimination against the Rabun County Board of Education ("RCBOE"). Also prior to the hearing, Dr. Randel moved that the RCBOE appoint a tribunal to conduct the hearing. That motion was denied. The attorney who represented the Rabun County District Superintendent in the hearing

1

before the RCBOE also represented the RCBOE before the EEOC. Prior to the hearing, Dr. Randel moved to dismiss the recommendation for non-renewal based on the Superintendent's failure to properly identify witnesses and documents to be used in the hearing. That motion was denied. The hearing was held before the RCBOE on November 13, 2018. During the course of the hearing, Dr. Randel requested that the hearing be continued to hear from two witnesses who were under subpoena but were forced to leave during the course of the hearing and objected to the entry of various pieces of evidence. Dr. Randel's motion and objections were overruled and denied. The RCBOE voted to non-renew Dr. Randel. The RCBOE did not provide a reason for the nonrenewal.

## B. Standard of Review

A local board of education has the burden of proof when it seeks to non-renew a teacher. O.C.G.A. §20-2-940(e)(4). As to factual issues, the "any evidence" standard of review is applied on appeal such that the Court determines whether "any evidence" was submitted to the local board of education to support the findings of fact and decision made. *See Johnson v. Pulaski Board of Education,* 144 Ga. App. 576 (1998).

In this case, the court is reviewing a question of law, namely, whether RCBOE's actions constituted a violation of Dr. Randel's procedural and substantive

due process rights. As such, the proper analysis is whether Appellee's actions were "contrary to law." See *D.B. v. Clarke County Bd. of Ed.*, 220 Ga. App. 330 (1996). See Also *Arnold v. Atlanta Public Schools*, Georgia Board of Education, Case No. 1990-1, p. 3.

Analyzing the issue of judicial review of administrative decisions under the "any evidence" standard, the Supreme Court of Georgia has held:

> judicial review of an administrative decision is a two-step process: because the court reviewing an administrative decision must accept the agency's findings of fact if there is any evidence to support the findings, the court must first determine if there is evidence to support the factual findings; the court then "is statutorily required to examine the soundness of the conclusions of law drawn from the findings of fact supported by any evidence." Thus, judicial review of an administrative decision does not end with the determination that the findings of fact have evidentiary support.

*Handel v. Powell*, 284 Ga. 550, 555 (2008) (citing *Pruitt Corp. v. Georgia Dept. of Community Health*, 284 Ga. 158 (2008)).

Here, RCBOE made no findings of fact, precluding an application of the evidence to support any such findings. In determining whether RCBOE's actions comported with due process, the Court conducts a *de novo* review. *Holley v. Seminole County School District,* 755 F.2d 1492 (11th Cir. 1985). For the reasons set forth below, the Court finds that Appellee's actions were contrary to law and violated Appellant's due process rights.

3

### C. To comport with due process, RCBOE was required to appoint a tribunal to conduct Dr. Randel's hearing.

Under the facts of this case, in order to comport with the due process requirement of an impartial arbiter, RCBOE was required to appoint a tribunal to conduct the hearing because RCBOE was the named Respondent in a charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") by Dr. Randel and the same attorney representing RCBOE in the EEOC litigation also represented the Superintendent at the nonrenewal hearing in arguing for Dr. Randel's nonrenewal.

> Within the matrix of the particular circumstances present when a teacher who is to be terminated for cause opposes his termination, minimum procedural due process requires that:
>
> (a) he be advised of the cause or causes for his termination in sufficient detail to fairly enable him to show any error that may exist,
> (b) he be advised of the names and the nature of the testimony of witnesses against him,
> (c) at a reasonable time after such advice he must be accorded a meaningful opportunity to be heard in his own defense,
> (d) *that hearing should be before a tribunal that both possesses some academic expertise and has an apparent impartiality toward the charges.* (Note the dictum in Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968) at 391 U.S. 578, n. 2, 88 S.Ct. 1731).

*Ferguson v. Thomas*, 430 F.2d 852, 856 (5th Cir. 1970) [Emphasis Added][1]

Additionally, in *Johnson v. Pulaski Board of Education, supra.*, the Georgia Court of Appeals held that the *Johnson* school board violated Ms. Johnson's due process rights "because the chairman of the Pulaski Board was not recused despite having a direct interest in whether Johnson continued as a principal." *Id.* at 577. In this case, all board members had a personal interest in seeking Dr. Randel's removal because the entire board was the defendant in the pending EEOC charge. Thus, the school board members had a direct interest in and benefitted from nonrenewing Dr. Randel following a hearing because the hearing provided legal support to the board's arguments before the EEOC.

To the extent RCBOE argues that *Holley* stands for the proposition that a board of education is never required to appoint a tribunal to comport with due process, that argument is rejected. *Holley* stands for the proposition that the Fair Dismissal Act does not require that the board of education appoint a tribunal in all cases, but that it gives the board of education discretion to do so.[2] It does not stand

---

[1] The decisions of the former Fifth Circuit rendered prior to October 1, 1981 are part of the decisional law of the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

[2] Holley's argument as to why the board of education was not impartial was rejected. Holley did not make arguments similar to Dr. Randel, but instead argued that a tribunal should be appointed because of the "political atmosphere" surrounding his nonrenewal. *Id.* at 1498.

5

for the proposition that a board of education is exempt from the due process clause. See *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 876 (2009) ("It is axiomatic that '[a] fair trial in a fair tribunal is a basic requirement of due process.' *Murchison, supra,* at 136, 75 S.Ct. 623"); *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980) ("The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases. This requirement of neutrality in adjudicative proceedings safeguards the two central concerns of procedural due process, the prevention of unjustified or mistaken deprivations and the promotion of participation and dialogue by affected individuals in the decision-making process."); *Gibson v. Berryhill*, 411 U.S. 564, 579 (1973) ("It is sufficiently clear from our cases that those with substantial pecuniary interest in legal proceedings should not adjudicate these disputes. *Tumey v. Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927)."); *Ferguson, supra.*

The Code of Judicial Conduct is applicable to local boards of education when they sit in a judicial capacity in nonrenewal matters. *See Wright v. Monroe County Bd. Of Ed.*, 148 Ga. App. 845 (1979); *See Also Garrett v. Atkinson Cty. BOE, SBOE Case No. 1980-21.* "Judges shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned…" The Georgia Code of Judicial

Conduct, Rule 3.9(A). The commentary to the rule states, "Under this rule, judges are subject to disqualification whenever their impartiality might reasonably be questioned, regardless of whether any of the specific rules in Rule 3.9 (A) apply." (Rule 3.9(A), Comment 1).

Additionally, a judge shall recuse himself in any proceeding in which "the judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning an impending matter or a pending proceeding." (Rule 3.9(A)(1). "A disqualifying bias or prejudice may arise because the lawyer or the lawyer's firm has provided legal counsel either for or adverse to the judge, including in any personal matter or in a matter related to discipline before the Judicial Qualifications Commission or the State Bar of Georgia." (Rule 3.9(A)(1) Comment).

Given the foregoing, appointment of a tribunal was required because the Board was in the midst of litigation with Dr. Randel and also because the Board had a bias for the Superintendent's lawyer given that the same lawyer was representing the Board in the EEOC matter.

## D. Conclusion

This Court finds and concludes that the RCBOE violated Dr. Randel's due process rights when it failed to appoint an impartial tribunal to conduct her non-

7

renewal hearing. Likewise, the State Board of Education erred as a matter of law when it affirmed the RCBOE's decision not to appoint an impartial tribunal. The Court declines to address Dr. Randel's remaining claims because it reverses the actions based on the finding of a violation of due process due to an impartial tribunal.

FOR THE ABOVE AND FOREGOING REASONS, it is **ORDERED** that the State Board of Education's decision and the RCBOE's decision to non-renew Dr. Randel's employment is **REVERSED.**

**SO ORDERED**, this 21st day of September, 2020.

B. Ch Caudell

Hon. B. Chan Caudell
Superior Court Judge
Rabun County

OR: Holly Henry-Perry, Rabun County Clerk of Superior Court
CC: Kristine Orr Brown, Attorney for Appellant
      Brian C. Smith, Attorney for Appellee